**REMAND / JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-9023-GW-GJSx | Date | November 20, 2020 |
|---|---|---|---|
| Title | *Anita Ogletree v. The Atlantic Monthly Group., LLC*, et al. | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Javier Gonzalez | None Present | | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):**     **ORDER REMANDING CASE FOR LACK OF SUBJECT MATTER JURISDICTION; VACATING DATES**

      The Complaint in this action contains a single claim for relief for violation of California's Unruh Civil Rights Act ("Unruh"). Yet, defendant The Atlantic Monthly Group, LLC ("Defendant") removed the case from Los Angeles County Superior Court, asserting this Court's federal question jurisdiction over the action. Based on the Court's *sua sponte* review of subject matter jurisdiction, *see Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006), and the subsequent review of the parties' papers on a forthcoming motion to remand, the Court will remand the action to state court, and vacate the November 30, 2020 hearing date for that motion to remand and a scheduling conference set for that same day.

      Although plaintiff Anita Ogletree ("Plaintiff") certainly mentions in her Complaint that a violation of the Americans with Disabilities Act ("ADA") *can* constitute a violation of Unruh, *see* Complaint ¶ 3, and asserts that Unruh is "also" violated here because of a violation of the ADA, *see id.* ¶ 25, her sole claim is clearly based upon violation of a California statute. She may prevail on that claim without necessarily relying on the ADA for a violation of Unruh. *See id.* ¶¶ 22-24. As such, there plainly is no federal question jurisdiction here under the prevailing test in such circumstances. *See Rains v. Criterion Sys., Inc.*, 80 F.3d 339, 346 (9th Cir. 1996) ("When a claim can be supported by alternative and independent theories – one of which is a state law theory and one of which is a federal law theory – federal question jurisdiction does not attach because federal law is not a necessary element of the claim."); *see also Nev. v. Bank of Am. Corp.*, 672 F.3d 661, 674-75 (9th Cir. 2012); *Castillo v. Tamara Mellon Brand, Inc.*, No. CV 19-10466-GW-MRWX, 2020 WL 703693 (C.D. Cal. Feb. 10, 2020); Phillips & Stevenson, RUTTER GROUP PRAC. GUIDE, FEDERAL CIV. PRO. BEFORE TRIAL (The Rutter Group 2020), ¶¶ 2:592, 2:2527, 2:2561, 2:2567.

                                                                                                                                              :

Initials of Preparer    JG

**REMAND / JS-6**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-9023-GW-GJSx | Date | November 20, 2020 |
|---|---|---|---|
| Title | *Anita Ogletree v. The Atlantic Monthly Group., LLC*, et al. | | |

Nor is Plaintiff under any obligation to commit, in this Court, to only proceeding by way of a purely Unruh-based theory once she returns to state court. Were that the case, the *Rains* rule would be of no force, because anytime a state court plaintiff mentioned federal law as merely *one* avenue – as opposed to a *necessary* avenue – for prevailing upon a claim, a federal court – otherwise lacking subject matter jurisdiction – could force the plaintiff to entirely abandon that theory. This court simply does not believe that any federal district court taking a different approach on this particular question is acting within the confines of its power.

Plaintiff, as the master of her Complaint, was entitled to state a claim only under Unruh, even though she might also have attempted to state a claim directly under the ADA. Defendant has not succeeded in finding a way to persuade the Court otherwise. The Court lacks subject matter jurisdiction over the action.

It is worth mentioning here that this Court ruled in exactly this same manner in the matter of *Licea v. Chegg*, No. 2:20-cv-08615-GW (RAOx), on October 23, 2020. Defense counsel in this action – indeed, *all* counsel in this action – are the same as in *Licea*. While this matter was removed to this Court prior to this Court's remand ruling in *Licea*, Defendant's Opposition brief was filed *after* the remand order in *Licea*. Plaintiff cited *Licea* in her motion. Yet, Defendant failed to even mention the ruling in its Opposition brief.

In addition, Defendant makes several statements in its Opposition brief that are either misleading or simply false. *See, e.g.*, Docket No. 10, at 19:11-12 ("Plaintiff seeks injunctive relief and her Unruh Act claim is based exclusively upon violations of the ADA."). It plays fast-and-loose with the phrase "this Court," at least suggesting that plaintiffs in other cases have made statements to *this judicial officer*, when what Defendant actually means is statements made in proceedings before other judges in *this District*. *See, e.g.*, *id.* at 3:24, 4:21. Defendant also makes significant representations about how federal question jurisdiction is assessed – at least in its view – with *no supporting citation to authority*. *See, e.g.*, *id.* at 14:19-23 ("In sum, this Court has original jurisdiction over Plaintiff's claim for injunctive relief *because it is identical to the relief she could obtain* under the ADA. To hold otherwise would be to enable states to deprive Article III courts of matters that would otherwise be under their jurisdiction, *which is forbidden by the Supremacy Clause*.") (emphasis added).

The Court will not *sua sponte* sanction Defendant or its counsel in connection with these statements or tactics (or in connection with the refusal to come to terms with the *Licea* ruling), as Plaintiff request in her Reply brief. However, should Defendant's counsel continue to remove cases from state court to this Court that do not differ from the pleading approach taken in cases such as this one and *Licea*, and in the absence of controlling or *exceedingly persuasive* (and new) authority

:

Initials of Preparer   JG

**REMAND / JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-9023-GW-GJSx | Date | November 20, 2020 |
|---|---|---|---|
| Title | *Anita Ogletree v. The Atlantic Monthly Group., LLC*, et al. | | |

supporting such a maneuver in a case involving the *exact same* pleading approach in an Unruh Act case, the case for sanctions and/or awards of attorney's fees against at least Defendant's counsel becomes very strong.

    The hearing and scheduling conference set for November 30, 2020, are vacated, and the action is remanded to Los Angeles County Superior Court.

    It is so ordered.

:

Initials of Preparer    JG